

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

November 20, 2000

The Honorable Gary L. Walker
Chair, Land and Resource
  Management Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0309

Re: Whether a child under the age of 14 may solicit newspaper subscriptions, and related question (RQ-0253-JC)

Dear Representative Walker:

You have requested our opinion as to whether a child under the age of 14 years may be employed to solicit newspaper subscriptions. For the reasons indicated below, we conclude that a child may not be employed to do so except where two conditions are met: (1) the child concurrently attempts to sell a newspaper while soliciting the subscription; and (2) the same child will be the person delivering the newspaper based on the new subscription.

Chapter 51 of the Labor Code regulates the employment of children. A "child" is defined as "an individual under 18 years of age." TEX. LAB. CODE ANN. § 51.002(1) (Vernon 1996). Section 51.011 states that, "[e]xcept as provided by this chapter, a person commits an offense if the person employs a child under 14 years of age." *Id.* § 51.011. Section 51.003, however, exempts from the application of chapter 51 the "employment of a child . . . engaged in delivery of newspapers to the consumer." *Id.* § 51.003(a)(2). You suggest that this exemption applies to "crewing." One of your constituents describes this practice:

> Traditionally, circulation managers gather volunteer carriers on a Saturday and solicit new subscribers. In Pecos, we have traditionally done this about once a month. The kids and adult supervisors work from 9:00 a.m. till noon, and then lunch is on the paper at the Pizza Hut.
>
> The carriers receive a bonus for new subscribers, and of course, their monthly pay increases with each new subscriber on their route. House Bill 160 has effectively ended this entrepreneurial enterprise for any minor under the age of 14. As a consequence, it is financially foolish for a newspaper to employ carriers under the age of 14 at all.[1]

---

[1] Letter from York M. "Smokey" Briggs, Editor/Publisher, *Pecos Enterprise*, to Honorable Gary L. Walker,

(continued...)

The Texas Workforce Commission (the "Commission"), which administers the statute, also describes the practice, albeit in somewhat different terms:

> Crewing occurs when an employer takes a group of minors to a certain location for the sole purpose of soliciting newspaper subscriptions. The minor who sells the subscription is not the same minor who will be delivering the newspaper to that same customer.... [W]hen crewing, the primary occupation is solicitation, and the selling of a current newspaper becomes incidental to the minor's work.[2]

Your constituent contends, in effect, that "crewing" is an integral part of the "delivery of newspapers to the consumer." Arguably, this is a reasonable position with respect to a carrier's solicitation of subscribers on the route he services. But it makes little sense when applied to the solicitation of subscribers on routes outside the carrier's particular territory. Furthermore, even as to one's own potential customers, we are not convinced that "delivery" should be expanded to encompass solicitation. In other portions of section 51.003, the legislature has used broader language to describe the relevant exemptions: "This chapter does not apply to employment of a child . . .employed in a . . . nonhazardous occupation"; "participating in a school-supervised and school-administered work-study program"; and "employed through a rehabilitation program supervised by a county judge." TEX. LAB. CODE ANN. § 51.003(a)(1)(A), (3), (5) (Vernon 1996). The exemption about which you inquire, by contrast, is considerably more specific: "engaged in delivery of newspapers to the consumer." *Id.* § 51.003(a)(2). In this context, "delivery" means "[t]he action of handing over, or conveying into the hands of another; *esp.* the action of a carrier in delivering letters or goods entrusted to him for conveyance to a person at a distance." IV OXFORD ENGLISH DICTIONARY 424 (2d ed. 1989). *See also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage.").

In 1999, the legislature acted specifically to ban solicitation by minors except in narrowly delineated circumstances. Section 51.0145 provides, in relevant part:

> (a) For purposes of this section:

>     . . . .

---

[1](...continued)
State Representative at 1-2 (June 8, 2000) (on file with Opinion Committee).

[2]Brief from Ms. Cassie Carlson Reed, Executive Director, Texas Workforce Commission, to Opinion Committee, Office of the Attorney General at 4 (Aug. 8, 2000) (on file with Opinion Committee) [hereinafter TWC Brief].

(2) "Solicit" means an action of a person to:

    (A)  sell goods or services in a setting other than a retail establishment;

    (B)  request donations; or

    (C)  distribute items, information, or advertising.

(b) *The employment of a child to solicit is a hazardous occupation for purposes of this chapter.*

(c) A person may not employ a child to solicit unless the person:

(1) at least seven days before the date the child begins employment, obtains on a form approved by the commission the signed consent of a parent of the child or of a conservator, guardian, or other person who has possession of the child under a court order;

(2) provides to the individual who gives consent:

    (A)  a map of the route the child will follow during each solicitation trip; and

    (B)  the name of each individual who will be supervising each solicitation trip;

(3) provides at each location where children will be engaged to solicit at least one adult supervisor for every three children engaged in that solicitation trip;  and

(4) limits each solicitation trip to:

    (A)  no later than 7 p.m. on a day when the child is legally required to attend school; and

    (B)  the hours between 10 a.m. and 7 p.m. on all other days.

(d) The commission may make additional requirements by rule for a person employing a child under this section to protect the safety, health, or well-being of the child.

. . . .

> (f)  A person commits an offense if the person employs a child in violation of this section or a rule adopted under this section.

TEX. LAB. CODE ANN. § 51.0145 (Vernon Supp. 2000) (emphasis added).

Again, section 51.003 of the Labor Code exempts the "employment of a child . . . engaged in the delivery of newspapers to the consumer." *Id.* § 51.003(a)(2) (Vernon 1996). "Crewing" clearly involves the "[selling of] goods or services in a setting other than a retail establishment," as defined in section 51.0145(a)(2)(A). And while the statute sets forth a mechanism for permitting solicitation by children who are at least 14 years of age, section 51.011 nevertheless absolutely prohibits the employment of persons under the age of 14 in a non-exempt occupation, including solicitation. Furthermore, section 51.023 bars the Commission from adopting "a rule permitting the employment of a child under 14 years of age unless expressly authorized by this chapter." *Id.* § 51.023. Thus, "crewing," as described both by your constituent and by the Commission, may not be performed by persons under the age of 14.

We must also consider whether a child under the age of 14 may solicit subscriptions from customers who live on his own service route. Because the language of the exemption for newspaper delivery is identical to the language of the federal child labor exemption, the Commission relies on regulations of the Department of Labor for guidance. *See* TWC Brief, *supra* note 2, at 2. Federal regulations provide that: "In [interpreting] these provisions, the Secretary [of Labor] will be guided by the principle that such exemptions [from the child labor laws] should be narrowly construed and their application limited to those employees who are plainly and unmistakably within their terms." *See* 29 C.F.R. § 570.122 (2000). Under the Fair Labor Standards Act, the Department of Labor has adopted the following policy regarding the delivery of newspapers:

> [T]he Act provides an exemption from the child labor as well as the wage and hours provisions for *employees engaged in the delivery of newspapers to the consumer.* This provision applies to carriers engaged in making deliveries to the homes of subscribers or other consumers of newspapers (including shopping news). It also includes employees engaged in the street sale or delivery of newspapers to the consumer. However, employees engaged in hauling newspapers to drop stations, distributing centers, newsstands, etc., do not come within the exemption because they do not deliver to the consumer.

*Id.* § 570.124 (emphasis added.); *see also* 29 U.S.C. § 213(d) (1994). In accordance with this position, the policy adopted by the Commission is as follows:

> [I]f a minor is performing route maintenance which includes soliciting new subscribers, the solicitation work would fall within the exemption provided two conditions are met: 1) the minor attempted to sell a current newspaper concurrently with soliciting a subscription

> *and* 2) that same minor would be the one who in fact delivers the newspaper under the new subscription.

TWC Brief, *supra* note 2, at 3-4. The Commission justifies this position by noting that:

> [W]hen the minor solicits subscriptions as part of route maintenance and the same minor is required to deliver the newspaper to the person who bought the subscription, the minor solicits in a familiar environment in close proximity to the minor's home because of limited transportation opportunities, thereby mitigating risks to the minor's health and safety. Additionally, because the minor is restricted to a designated route area, the parents have knowledge as to the location of the minor when the minor is soliciting subscriptions as part of route maintenance.

*Id.* at 5.

In our opinion, the Commission's view of the distinction between "delivery of newspapers" – which is entirely exempt from chapter 51 – and "solicitation" – which activity is barred to persons under the age of 14 – is reasonable. We believe the Commission, had it chosen to do so, could have read section 51.0145 even more narrowly, so as to prohibit absolutely the solicitation of newspaper subscriptions by persons under the age of 14. It has opted instead to carve out a very limited exception in circumstances where the child who is "soliciting" is the same child who will in fact deliver the newspaper, and where the child who is "soliciting" attempts to sell a current newspaper concurrently with the subscription.

"While not controlling, contemporaneous construction of a statute by the administrative agency charged with its enforcement is entitled to great weight." *Quick v. City of Austin*, 7 S.W.3d 278, 280 (Tex. 1998) (*quoting State v. Public Util. Comm'n*, 883 S.W.2d 190, 196 (Tex. 1994)). Furthermore, "[i]f a statute can be reasonably read as the agency has ruled, and that reading is in harmony with the rest of the statute, then [the court is] bound to accept that interpretation even if other reasonable interpretations exist." *Berry v. State Farm Mut. Auto Ins. Co.*, 9 S.W.3d 884, 893 (Tex. App.–Austin 2000, no pet.). We conclude, therefore, that a child may solicit subscriptions from a person who lives on his own service route only if he simultaneously attempts to sell a current newspaper along with the new subscription, *and* he is the individual who will in fact subsequently deliver the newspaper.

You also question Commission Rule 817.24, which provides, in part:

> (a) A person may not begin the employment of a child to solicit as defined in Texas Labor Code § 51.0145 and as described in § 817.4(b) of this Chapter (relating to Statement of Commission Intent), until the Commission's Labor Law Department has received:

> (1) a copy of the signed Parental Consent Form approved by the Commission; and

> (2) the information required by statute to be provided to the individual who gives consent.

40 TEX. ADMIN. CODE § 817.24 (2000). You suggest that the Commission is without authority to require that an employee send the requisite form to the Commission. Subsection (c) of section 51.0145 directs an employer to obtain "on a form approved by the commission the signed consent of a parent of the child [or other relevant person]." TEX. LAB. CODE ANN. § 51.0145(c) (Vernon Supp. 2000). As we have noted, subsection (d) authorizes the Commission to "make additional requirements by rule for a person employing a child under this section to protect the safety, health, or well-being of the child." *Id.* § 51.0145(d). The Commission provides the following justification of its requirement that parental consent form be submitted to the agency:

> Ensuring completion and signature of the parental consent forms by requiring employers to submit the forms to the Agency is an essential function to carrying out the Agency's duties to enforce Texas Labor Code § 51.0145(c), especially in light of solicitation being classified as a hazardous occupation. Furthermore, minors hired to solicit are often taken to unfamiliar neighborhoods several miles away from their homes. In case of an emergency, the Agency would have the relevant information that could make the difference in locating a minor's whereabouts because the Agency retains the parental information and map of the minor's solicitation route.

TWC Brief, *supra* note 2, at 7.

Once again, we believe the Commission is authorized to impose this requirement. It is specifically empowered to regulate in this area, its justification for the rule is reasonable, and the Commission should not be second-guessed in an area over which it commands both jurisdiction and expertise. It is necessary, however, to be precise regarding what situations may be encompassed by Rule 817.24. The rule is a rule about solicitation – the subject of section 51.0145 of the Labor Code. It may be applied to persons at least 14 years of age who are employed to solicit in an occupation not exempted under section 51.003, but it is not applicable to persons 14 and over who are employed for the "delivery of newspapers to the consumer." *See* TEX. LAB. CODE ANN. § 51.003 (Vernon 1996). It can have no application to persons under the age of 14, because, as we have noted, those individuals are not permitted to engage in solicitation at all, except in the certain narrow circumstances discussed which are not relevant to your inquiry. The "solicitation" of newspaper subscriptions by a child under 14 years of age that is permitted by the Commission and the Department of Labor is *not* the kind of solicitation contemplated by section 51.0145. Rather, it is part and parcel of the "delivery of newspapers to the consumer." As such, it is exempted from the operation of chapter 51 of the Labor Code. Consequently, the Commission may not apply Rule

817.24, including the requirement of parental consent forms for persons under the age of 14, to any activity that falls within the "delivery of newspapers to the consumer" as it has defined that practice.

## S U M M A R Y

A child under the age of 14 years may not be employed to "solicit" newspaper subscriptions except where two conditions are met: (1) the child concurrently attempts to sell a newspaper while "soliciting" the subscription; and (2) the same child will be the person delivering the newspaper based on the new subscription. The Texas Workforce Commission may not require parental consent forms of persons engaged in an activity that meets these criteria.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee